# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐.

---

DAVID W. MYERS, Appellant, *v.* HAZEL A. MYERS, an Infant, Respondent.

First Department, May 27, 1921.

**Parent and child — adoption — annulment on application of natural parent — allegations that plaintiff was misled in signing consent — facts not shown justifying annulment.**

The annulment of two orders of adoption of the defendant, who is plaintiff's child, was properly denied where it appeared that shortly after the death of the defendant's mother the plaintiff and the defendant and her grandmother personally appeared before the county judge and the plaintiff signed and acknowledged a formal certificate consenting to the adoption of the defendant by her grandmother; and the fact that the plaintiff relied on the advice of an attorney, that it would not be lawful for his mother to take the defendant without the approval of the court, and that he believed that the proceeding would not sever or in any way abrogate his relationship to the child, does not relieve him from his formal appearance and acts in accordance with the statute, in the absence of any proof that he was induced to sign said consent or to refrain from reading it by any misrepresentation of fact made to him.

The original order for the adoption of the defendant by the plaintiff's mother being valid, the plaintiff cannot contend that the subsequent adoption of the defendant by his sister on the consent of his mother, who was then the foster parent of the defendant, was fraudulent and void, where it is not alleged that any fraud or deception was perpetrated on the foster

parent, for any fraud or deception that may have been practiced on the plaintiff subsequent to the first adoption does not in any way affect the validity of the second adoption.

APPEAL by the plaintiff, David W. Myers, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of December, 1920, as resettled by an order entered in said clerk's office on the 30th day of December, 1920, dismissing the complaint on defendant's motion for judgment on the pleadings consisting of the complaint and answer, and also from the judgment dismissing the complaint entered in the office of the clerk of said court on the 30th day of December, 1920.

*Ralph Stout* [*Adolph Ruger,* attorney], for the appellant.

*Frank B. York* [*York & York,* attorneys], for the respondent.

LAUGHLIN, J.:

This is an action brought for the annulment of two orders for the adoption of the defendant, who is plaintiff's child. Defendant was born on the 4th of January, 1905. Her mother died on the 11th of March, 1906, and on the 31st day of that month an order in due form as prescribed by the then existing Domestic Relations Law (Gen. Laws, chap. 48 [Laws of 1896, chap. 272], § 60 *et seq.*, as amd.) was made by Judge ASPINALL, county judge of Kings county, allowing and confirming the adoption of the defendant by the mother of the plaintiff. The order recites that the plaintiff and the defendant and her grandmother personally appeared before the judge and were examined by him, and the petition for adoption and the order show that the plaintiff signed and acknowledged before the county judge on that day a formal certificate consenting to the adoption. The order and plaintiff's consent thereto are not set forth in the complaint; but they are made part of the answer and as will be seen they contain only what the statute required and failure to comply with the statute is not shown by the complaint. The complaint contains allegations tending to show that the plaintiff was misled and deceived by his sister and by an attorney into going before the county judge and executing his consent to the adoption. It contains no allegation with respect to any

false representation made at the time of the adoption or with respect to the contents of the paper which he executed and which was his consent to the adoption. It is alleged that the plaintiff and his sister were domestic servants in the employ of Dr. Shepard, a physician of prominence and wealth; that plaintiff's sister applied to him for leave to take and bring up the defendant and he declined her request and thereupon his mother offered to take and care for the child and he agreed to place the defendant with his mother until she attained an age when it would be possible for him to care for her, or until a change in his financial circumstances by which he would be better able to give her the care and attention which she required, and that he was then advised by Frank B. York an intimate acquaintance of and the attorney for Dr. Shepard that it would not be lawful for his mother to take the defendant without the approval of the court and that it would be necessary for him to go with his mother and the defendant to court and to have the court approve the arrangement, and that he believed said statements at the time " and relied on them in his subsequent acts," and accordingly on the 31st of March, 1906, went with his mother and the defendant to the County Court in Kings county " and appeared before some person unknown " to him and " then and there signed some papers, the purport of which was not explained to him, but which he has just been informed and believes was a consent on his part to the legal adoption " of the defendant by his mother; and he was not at any time informed by his mother or by York or by any other person " that by signing of the adoption papers above referred to, he would sever or in any way abrogate his relationship, either legal or otherwise, to the said child, but he was at all times told and led to believe by them that the said child would be restored to him at any time he desired." Plaintiff does not state whether or not he read the paper which he signed, which was the consent for the adoption of the defendant, or that he was induced to refrain from reading it by any misrepresentation of fact or that any misrepresentation of fact with respect to the contents of the paper was made to him. On no theory was he justified in relying blindly on the statement made by York that it would not be lawful for his mother to take the custody of the child temporarily, if

that is all the agreement contemplated; and he is not entitled
on the facts alleged to be relieved from his formal appearance
and acts in accordance with the statute before the county
judge in the adoption proceeding. The original adoption
presumably was made in the form and manner required by
the statute and the plaintiff having failed to show facts invali-
dating it, is not entitled to have the order canceled. Thus
the entire theory of his complaint fails for the second adoption
order, which was made by the surrogate of Kings county on
the 21st day of September, 1908, was made on the duly
executed and acknowledged consent of the plaintiff's mother
who was then the foster parent of the defendant and by it
defendant was duly adopted by the plaintiff's sister. The
complaint contains other allegations with respect to facts
which transpired after the original adoption upon which he
claims that the second adoption was fraudulent and void;
but it is not alleged that any fraud or deception was perpe-
trated on the foster parent, and any fraud or deception that
may have been practiced upon plaintiff is immaterial for his
consent to the second adoption was not required. Plaintiff's
sister, the second foster parent of the defendant, died, leaving
a last will and testament giving half of her residuary estate to
the defendant and the income from the entire residuary estate
to her when she attained the age of thirty years and appointing
said York sole executor without bond and testamentary guard-
ian of the defendant, and a codicil modifying the will by giving
the defendant only the income from the entire residuary estate
for life. Plaintiff alleges that said York and his father, who
was also an attorney, procured the execution of the will by
undue influence in order that they might obtain possession
and control of the estate and that said York procured the
execution of the codicil by undue influence in order that he
might have control of the residuary estate and of the income
thereof and for that purpose had it provided in the codicil
that his disposition of the income should not be questioned
by any person or in any court and that he induced the testatrix
to appoint him testamentary guardian for the same purpose.
Plainly those allegations have no bearing on the validity of
the adoption orders. Since the allegations of the complaint
are insufficient on any theory to warrant the annulment of

the adoption orders, it is unnecessary to consider whether, otherwise, the action might be maintained against the infant as a sole party defendant and with respect to whose conduct in the premises no charge is or, owing to her age at the time, could be made.

It follows that the order and judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.