## In the Matter of the Adoption of ANONYMOUS.

Surrogate's Court, Bronx County, October 22, 1945.

*Frank Delaney* for petitioner.

*Florea, Goodman & Shaffer* for respondent.

*Thomas V. Tozzi,* special guardian for infant.

HENDERSON, S.   In 1941, the petitioner and the respondent herein adopted the female child who is the subject of this proceeding.   She is now four years old.   The petitioner, foster father, on behalf of the child seeks to have an abrogation of the adoption.   An order to show cause entertaining the application was signed by Mr. Justice GAVAGAN, while Acting Surrogate of Bronx County.

The respondent has made a motion to dismiss the petition on the ground that this court has no jurisdiction to grant the requested relief.   All of the parties desire that the court determine the question of jurisdiction before a hearing on the merits, as it would be unnecessary to take testimony if the respondent's contention is correct.

The petitioner withdrew so much of his prayer for relief that requested an abrogation as to the foster mother only, but not as to the foster father.   The relief now sought is a complete abrogation which if granted would restore the child to the same status that she had prior to adoption.

Adoption, having been unknown to the common law, is governed solely by statute.   The only statutes regarding abrogation of adoptions are sections 116, 117 and 118 of the Domestic Relations Law.

Section 116 relates to an abrogation by consent by foster parents, the foster child and the persons or authorized agency whose consent was required upon the original adoption.

Section 118 relates to an abrogation for the benefit of the foster parents.

Section 117 relates to an abrogation solely in the interest of the foster child.   It is this section under which this application is made.   The reported cases applicable to section 117 are few and none consider the right of a foster parent to make the application pursuant to its provisions.

The section heading and first paragraph read as follows: " § 117. *Abrogation by or on behalf of a foster child.*   Any foster child who has been adopted in pursuance of this article or of any act repealed hereby or any person or authorized agency on behalf of such child may make an application to a judge or surrogate of the court in which the original adoption took place for the abrogation of such adoption on the ground of (a) cruelty, (b) misusage, (c) inability or refusal to support, maintain or

educate such child, (d) an attempt to change or the actual making of change of or the failure to safeguard the religion of such child or (e) any other violation of duty on the part of the foster parents or parent toward such child.''

The respondent takes the position that the foster parents are limited by section 118 and may petition only pursuant to its provisions, and that section 117, the respondent further contends, '' may be availed of by any person or authorized agency, *other than the foster parent* ''.

However, section 117 says '' any person '' may make the application and the quoted words above italicized in the respondent's brief do not appear in section 117. The two sections are independent; the provisions of the one are directed solely to the interest of the foster child and the other looks solely to the interest of the foster parents.

It is clear that the Legislature desired the court to investigate '' any other violation of duty '' of the foster parents toward the foster child. In stating who might invite the attention of the court to the dereliction of a foster parent, it would be difficult to find broader language than that used in section 117. The Legislature has provided an abrogation in the interest of the foster child in what is regarded as a proper case.

To refuse a hearing on the merits for the sole reason that the petitioner is a foster parent would be illogical and unjust when such hearing would be permitted if brought on the petition of a stranger.

For the reasons above set forth I am in accord with the view held by the Justice who signed the order to show cause. The motion to dismiss the petition for lack of jurisdiction is denied. This matter will be set down for hearing on October 29, 1945, at 10:00 A.M.