In the Matter of the Adoption of JANE L. EATON, Appellant. MELVIN C. EATON et al., Respondents.

Third Department, May 7, 1952.

*Livingston S. Latham* for appellant.

*James W. Coleman* for respondents.

BREWSTER, J.  The order appealed from was granted in a proceeding taken under section 118 of the Domestic Relations Law. Therein the petitioners-respondents sought and obtained an order abrogating their adoption of appellant as their foster child whom they duly adopted from a child placing agency of the State Charities Aid Association in 1936, when she was about seven years old.  The petitioners instituted this proceeding in August, 1951, when she was a nonresident of the State, an adult and married.

The whole matter of establishment of parental relationship by adoption is unknown to our common law and wholly statutory (*Carpenter* v. *Buffalo Gen. Elec. Co.,* 213 N. Y. 101, 104 *et seq.; Matter of MacRae,* 189 N. Y. 142; *Matter of Thorne,* 155 N. Y. 140; *Carroll* v. *Collins,* 6 App. Div. 106; *Matter of Ziegler,* 82 Misc. 346).  Accordingly the alteration of the status by abrogating the adoption must have statutory sanction.  It relates to a matter of *status* with which the State has concerned itself in comparatively recent times, and is independent of the law of contract.  (*Matter of Ziegler, supra.*)  The first general statute in that connection was chapter 830 of the Laws of 1873.  The alteration of one's status by an abrogation of his adoption by foster parents was first, by general enactment,

provided for by sections 12 and 13 of chapter 438 of the Laws of 1884, and seems quite patently to have related only to the cases of minor children wherein the consequent alteration of their status required further action on the part of the State in exercise of its power and duty of *parens patriæ* to direct as to their future care, custody and maintenance, and such was provided for. Section 13 of the enactment which is the origin and prototype of section 118 of the present statute (Domestic Relations Law), thus provided for the child's disposition as authorized by law in the case of " vagrant, truant or disorderly children ", whereas the present enactment provides that the judge or surrogate " may make such disposition of the foster child as he may deem proper." It is to be noted, too, that the provisions of said section 118 are available only in a case where the foster child has been adopted " from an authorized agency ". The jurisdictional provisions of both enactments as to notice or citation to the " agency " from which the child was adopted, or if nonexistent, to those charged with the jurisdiction of the poor of the county, and the requirement of the appointment of a special guardian to protect the interest of the child in case of the nonappearance of the " agency ", all of which were dispensed with in this proceeding, seem patently to relate the proceeding under section 118 to cases where the foster parents seek abrogation of the adoption during the minority of the foster child.

It is only as recently as by chapter 606 of the Laws of 1938 (now Domestic Relations Law, § 116) in the case of the abrogation of an adoption by the mutual consent of the parties, that express recognition was given to a situation where the foster child is an adult person, and in which instance the consent of those whose consent was required for the " original adoption ", was dispensed with. Moreover, the grounds as specified upon which foster parents may seek an abrogation under section 118, relate to violations of filial duties owing to parenthood which are especially owed during the minority of the child and they must be such as to require the abrogation in the interest of both parents and child. It is manifest that the instance of a competent adult foster child was not contemplated in that enactment. If, however, the literalness of the statute (§ 118) may be said to control then the order should be reversed for the failure of compliance with its jurisdictional provisions as to notice. If, perchance, the dispensing of those provisions may be inferentially deduced from the statute in the case of a competent adult foster child, even then we do not consider that

the evidence sufficiently established that the abrogation of appellant's adoption by the respondents was required with a due regard to the interest of both parties. As to her misbehavior prior to her marriage, much of it appears to have been forgiven by her foster parents upon her contrite confessions and evidently sincere promises to end it. That not long after she chose to marry, however injudiciously, was an exercise of her legal right, the fact or consequence of which affords no ground for disturbing the status fixed upon her by her adoption, within the meaning of the statute. All that is charged against her was at a time when she was either an adult or had reached and passed the age of consent and this in some respects qualified her filial duties as contemplated in the statute.

The order should be reversed and petition dismissed, with costs.

BERGAN and COON, JJ., concur; FOSTER, P. J., dissents and votes to affirm; HEFFERNAN, J., dissents and votes to reverse the order under review and to remit the matter to the court below for a rehearing, with instructions to appoint a proper guardian for the protection of the appellant's interests.

Order reversed, on the law and facts, and petition dismissed, with costs.