In the Matter of the Adoption of JANE L. EATON, Respondent. MELVIN C. EATON et al., Appellants.

Argued January 13, 1953; decided March 6, 1953.

*James W. Coleman* for appellants. I. There is ample uncontroverted evidence to sustain the application of the foster parents for the abrogation of the adoption of respondent upon the grounds of her willful desertion of petitioners. (*Matter of Davis,* 142 Misc. 681; *Williams* v. *Williams,* 130 N. Y. 193; *People ex rel. Comrs. of Public Charities & Correction* v. *Cullen,* 153 N. Y. 629; *Schilling* v. *Schilling,* 173 A. 10; *People* v. *Crouse,* 86 App. Div. 352; *Matter of Souers,* 135 Misc. 521; *Matter of Anonymous,* 157 Misc. 951.) II. There is ample uncontroverted evidence to sustain the application of the foster parents for an abrogation of the adoption upon the grounds of

respondent's misdemeanor and ill behavior. (*People* v. *Robinson*, 73 Misc. 343.) III. Since respondent was an adult when the abrogation proceeding was commenced it was not necessary to appoint a special guardian or issue a citation or order to show cause directed to the State Charities Aid Child Placing Agency. (*People* v. *Ahearn*, 196 N. Y. 221; *People ex rel. Bockes* v. *Wemple*, 115 N. Y. 302; *Matter of Watson*, 148 N. Y. S. 902; *Perkins* v. *Smith*, 116 N. Y. 441; *Matter of Green*, 102 Misc. 45.) IV. Even though article 7 of the Domestic Relations Law is not founded on the common law, it should, nevertheless, be liberally construed in order that the intent and purpose of the statute be realized. (*American Historical Soc.* v. *Glenn*, 248 N. Y. 445.)

*Livingston S. Latham* for respondent. I. Grounds for abrogation of adoption of respondent have not been pleaded or proved. (*Matter of Anonymous*, 185 Misc. 962; *Matter of Buss*, 234 App. Div. 299; *Baumann* v. *Baumann*, 250 N. Y. 382; *Matter of Souers*, 135 Misc. 521; *Matter of Anonymous*, 157 Misc. 951.) II. A special guardian should have been appointed to protect the interests of respondent. III. The State Charities Aid Child Placing Agency was a necessary party to this proceeding.

DESMOND, J. This proceeding was brought, in reliance on section 118 of the Domestic Relations Law, for abrogation, by and at the suit of the foster parents, of the adoption, in 1936 when she was seven years old, of their foster child who, at the time the petition for abrogation was filed herein, was twenty-two year old, and married. The petition alleged, *inter alia*, that respondent, soon after she attained the age of twenty-one, notified petitioners that she wished to leave home, and did, and that petitioners had not since heard from her. The foster child appeared by counsel and opposed the application. After the taking of testimony, the County Judge announced that he would make an order of abrogation, and, in the order which he afterwards signed, made a finding that respondent " has wilfully deserted her foster parents and been guilty of other ill behavior." Although, since we are about to hold that there was no power in the County Court to make any order of abrogation in the situation shown here, this matter is not now important, we think it proper to call attention to the absence from this record of any

finding that " due regard to the interests of both [that is, parent and child] requires that such adoption be abrogated " (Domestic Relations Law, § 118). We think the statute makes such a determination an indispensable condition for any section 118 abrogation (see, also, references to best interests of the foster child, in sections 116 and 117, which deal, respectively, with abrogations by consent, and on petition for or on behalf of the child).

The Appellate Division, in reversing this County Court order and dismissing this petition, held that the evidence had not sufficiently established that the abrogation " was required with a due regard to the interest of both parties." (280 App. Div. 147, 150.) There is no need, however, for us to look at the evidence, since we agree with another holding in the Appellate Division opinion (p. 149), that section 118 refers to cases only, " where the foster parents seek abrogation of the adoption during the minority of the foster child." We agree that there is in New York no method available whereby, after an adopted child has reached the age of twenty-one years, the adoption can be annulled on petition of the foster parent or parents, because of occurrences or conduct during the period of foster parenthood. Confining ourselves strictly to the question tendered to us here, we express no opinions concerning abrogation or vacatur of an adoption, because of fraud or other infirmity in connection with the adoption itself (see, for instance, *Stevens* v. *Halstead,* 181 App. Div. 198; *Myers* v. *Myers,* 197 App Div. 1; *O'Connor* v. *President & Directors of Manhattan Co.,* 278 App. Div. 862; *Matter of Bruce [Atkins],* 295 N. Y. 702). Our holding is that the authority conferred by section 118 terminates when the child comes of age.

On few questions is decisional law so clear as on this: that adoption, and the abrogation thereof, is, in New York, solely the creature of, and regulated by, statute law (*Matter of Ziegler,* 82 Misc. 346, affd. 161 App. Div. 589; *Carroll* v. *Collins,* 6 App. Div. 106; *United States Trust Co.* v. *Hoyt,* 150 App. Div. 621; *Matter of Thorne,* 155 N. Y. 140; *Matter of MacRae,* 189 N. Y. 142; *Matter of Cook,* 187 N. Y. 253; *Carpenter* v. *Buffalo Gen. Elec. Co.,* 213 N. Y. 101; *Matter of Anonymous,* 185 Misc. 962). The only statute under which the present petitioners seek, or

could seek, relief, is section 118 of the Domestic Relations Law. Although that enactment nowhere says, in precise words, that it applies up to the time only when the foster child reaches maturity, we think, as did the Appellate Division here, that it can mean nothing else. Its scheme and its language show that it has to do with adopted infants, not adoptees who have arrived at competent adulthood. The petition for abrogation, says section 118, must be made on the ground of '' the wilful desertion of such foster parent by such foster child or because of any misdemeanor or ill behavior of such child.'' We think those phrases deal with violations of the duties owed by minors to their parents, not the duties, entirely different in kind and number, of grown-up sons and daughters to their fathers and mothers. Other signs point the same way: for instance, the section requires notice to the authorized agency, if any, which was a party to the adoption, or, if no such agency exists, then to '' the board, commission or official charged with the jurisdiction of the poor of the county ''. More significantly, the statute requires that '' unless such agency or institution shall appear on the return of such process '', a special guardian shall be appointed by the court '' to protect the interests of such foster child '' in the proceeding (there was no such appearance or appointment here). So well established is our New York practice of providing special guardians for infants or incompetents or other persons needing special protection, only, that the Legislature, in mandating that the foster child, in such an abrogation proceeding, be represented by a welfare agency, a public welfare officer, or a special guardian, could not have been providing for an adult, competent adopted child. Furthermore, the last sentence of the statute authorizes the judge or surrogate, if abrogation be ordered, to '' make such disposition of the foster child as he may deem proper.'' Such '' dispositions '' are not made as to adults. This last sentence has, as the Appellate Division pointed out, a separate history of its own, which is almost conclusive, on our question. In earlier days (see L. 1884, ch. 438, § 13) the authorization to the abrogating court was to provide for disposition of the former foster child as in the case of '' vagrant, truant or disorderly children.'' The Legislature, we are convinced, was, throughout section 118,

thinking and talking about children still needing parental care and subject by law to parental discipline. Research seems to confirm this, since we find no decision anywhere (except the County Judge's here) applying section 118 to the case of an adult foster child.

Elsewhere in article VII (headed " Adoption ") of the Domestic Relations Law, the Legislature distinguished between minor and adult adoptees, and between adoptees over or under fourteen years of age (see §§ 109, 110, 111, 112, 113, 116, 117). But in section 118 there was no necessity for any of that, since it was the abrogation as to infants only, that was to be authorized. We do not know why the Legislature set such a limitation — perhaps the thought was that, after childhood and adolescence, necessity for terminating an adoption is so unlikely that the threat of so drastic a court remedy should not overhang the adopted child's whole adult life. But, whatever be the reason, the limitation is there.

The order should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed.