OPINION OF THE COURT
Adrienne Hofmann Scancarelli, J.
By petitions sworn to on December 27, 1990, Bruce S. and Lillian A. seek to adopt A.’s daughters, Hope and Rebecca, born on September 3, 1965 and November 4, 1968, respectively. The petitioners are unmarried.
Domestic Relations Law § 110 provides for adoption by an unmarried person or a husband and his wife together, by a *320 married person living separate and apart from his or her spouse pursuant to a separation decree, judgment or agreement, or by the spouse of the child’s parent.
Petitioners together are none of the above. Moreover, as for petitioner S., Domestic Relations Law § 117 (1) (a) provides that "[a]fter the making of an order of adoption the natural parents of the adoptive child shall be relieved of all parental duties toward and of all responsibilities for and shall have no rights over such adoptive child or to his property by descent or succession, except as hereinafter stated.” Thus, the relinquishment of A.’s parental rights and obligations toward each child would be the effect of granting S.’s application for adoption despite her expressed wish to retain her rights and obligations in and toward her own children. She may not retain such rights by petitioning for the adoption of her own biological children when there is no statutory authority therefor and the applicable statute, Domestic Relations Law § 110, prohibits adoptions "except in pursuance of this article”. The retention of rights and obligations exists only when the natural parent having lawful custody of the child marries or remarries and consents that the stepfather or stepmother adopt the child, Domestic Relations Law § 117 (1) (d).
Accordingly, the petitions are dismissed.