8

[624 NYS2d 634]

# In the Matter of DANA. G.M., Appellant.

Second Department, April 3, 1995

## APPEARANCES OF COUNSEL

*Beatrice Dohrn,* New York City *(David B. Schacher* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* New York City *(Sanford M. Cohen, Majorie Fujiki, Dana Biberman* and *Angie I. Martell* of counsel), for State of New York, *amicus curiae.*

*Susan L. Hendricks,* New York City, for Center Kids, Lesbian & Gay Community Services Center, Inc.; and *Richard G. Ashworth,* New York City, for Gay and Lesbian Parents Coalition International, *amici curiae* (One brief filed.)

*Janet Gallagher,* New York City *(Jacqueline Deane* and *Cynthia Kern* of counsel), for Association of the Bar of the City of New York, *amicus curiae.*

### OPINION OF THE COURT

Per Curiam.

The question to be resolved on the instant appeal is whether the adoption statute of this State permits the adoption of a child by the female life partner of the child's natural mother. In our view, this question must be answered in the negative.

### I

The petitioner, G.M., has lived with her life partner, P.I., since 1976. In 1989, G.M. and P.I. decided to have a child whom they planned to raise together. They agreed that P.I. would bear the child they would both raise, using donor insemination. P.I. was inseminated with sperm from an anonymous donor, and gave birth to Dana on June 6, 1990. Both women share parenting responsibilities for Dana and have arranged their work schedule around Dana's needs. With P.I.'s consent, G.M. commenced the instant proceeding in April 1993 to adopt Dana. The Family Court ordered a Home Study Report on the proposed adoption. Despite the favorable nature of the report, the Family Court denied the petition for adoption on two grounds, viz., (1) the petitioner did not have standing to adopt pursuant to Domestic Relations Law § 110, and (2) the proposed adoption ran afoul of the provisions of Domestic Relations Law § 117 (1) (a).

We affirm on the basis of the second ground advanced by the Family Court.

### II

Domestic Relations Law § 110 provides, insofar as is relevant, as follows:

§ 110. Who may adopt; effect of article.

"An adult unmarried person or an adult husband and his adult wife together may adopt another person".

In denying the petition, the Family Court held that: "[The] [p]etitioner does not fall within any of the classifications under Domestic Relations Law Section 110. She therefore lacks standing to bring this proceeding".

Since the petitioner is an "adult unmarried person", we disagree with the Family Court's holding that she lacked standing to adopt under Domestic Relations Law § 110 (see, *Interest of Angel Lace M.,* 184 Wis 2d 492, 516 NW2d 678, 682; cf., *Matter of Jacob,* 210 AD2d 876). However, the Family Court also held that the proposed adoption ran afoul of Domestic Relations Law § 117 (1) (a) and was not permitted. That statute provides as follows:

"§ 117. Effect of adoption.

"1. (a) After the making of an order of adoption the natural parents of the adoptive child shall be relieved of all parental duties toward and of all responsibilities for and shall have no rights over such adoptive child or to his property by descent or succession, except as hereinafter stated".

Under the plain meaning of this statute, whenever there is an adoption, there must be ("shall be") a termination of the natural parents' rights. Application of this statute to the situation at bar would be, as the Family Court accurately noted, "ludicrous", since the natural mother in this case does not want to give up her rights to Dana, her child, if the petitioner is allowed to adopt Dana. Accordingly, the Family Court correctly held: "The fact that such an outcome would be ludicrous only compels adherence to the statute in the first place. Clearly the intent of the Legislature was to deny a single person the right to adopt another's child while the natural parent, a single person, retains parental rights".

This holding of the Family Court, and those of several other trial courts in this State to the same effect (see, *Matter of Hope,* 150 Misc 2d 319 [Fam Ct, Westchester County, Scancarelli, J.]; *Matter of Christine,* NYLJ, June 16, 1994, at 30, col 5 [Sur Ct, Kings County, Bloom, S.]; *Matter of Kimberlee,* NYLJ, Dec. 29, 1992, at 27, col 5 [Sur Ct, Richmond County, D'Arrigo, S.]), are in harmony with the well-settled rule that since "adoption is entirely statutory and is in derogation of common law, the legislative purposes and mandates must be strictly

observed" *(Matter of Robert Paul P.,* 63 NY2d 233, 238; *see also, Matter of Eaton,* 305 NY 162). In interpreting a virtually identical statutory scheme, the Supreme Court of Wisconsin has also held that the proposed adoption of a child by the female life partner of the child's natural mother is not permitted *(see, Interest of Angel Lace M.,* 184 Wis 2d 492, 516 NW2d 678, supra). In so holding, the Supreme Court of Wisconsin stated *(see, Interest of Angel Lace M.,* 184 Wis 2d, *supra,* at 511, 516 NW2d, *supra,* at 683): "If the legislature had intended to sanction adoptions by nonmarital partners, it would not have mandated this 'cut-off' of the 'rights, duties and other legal consequences' of the birth parents in these adoptions".

The petitioner attempts to avoid the plain meaning of Domestic Relations Law § 117 (1) (a) by arguing that the use of the word "shall" therein is permissive, and not mandatory. This argument must be rejected. Where the Legislature enumerates certain exceptions to a statute, a court may assume that it intended to exclude other exceptions based on the rule *expressio unius est exclusio alterius.* "Under this maxim, if [a] statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded" (Black's Law Dictionary 581 [6th ed 1990]). The only exception to the mandatory termination provision in Domestic Relations Law § 117 (1) (a) is contained in Domestic Relations Law § 117 (1) (d), which provides: "When a natural or adoptive parent, having lawful custody of a child, marries or remarries and consents that the stepparent may adopt such child, such consent shall not relieve the parent so consenting of any parental duty toward such child nor shall such consent or the order of adoption affect the rights of such consenting spouse and such adoptive child to inherit from and through each other and the natural and adopted kindred of such consenting spouse". However, this "stepparent" exception to the mandatory termination provision in Domestic Relations Law § 117 (1) (a) is not applicable to the case at bar since " 'marriage' is the springboard for [that] exception" *(Matter of A.J.J.,* 108 Misc 2d 657, 659) and the petitioner is not, and cannot be, legally married to the natural mother.

We have reviewed the decisions of those courts, both in this State and in several of our sister States, which hold to the contrary and permit adoptions in these circumstances *(see, e.g., Matter of A.J.J.,* 108 Misc 2d 657, *supra; Matter of Evan,* 153 Misc 2d 844; *Adoption of B.L.V.B.,* 160 Vt 368, 628 A2d

1271; *Adoption of Tammy,* 416 Mass 205, 619 NE2d 315). While these decisions are obviously well intended, they either disregard, or distort, the plain meaning of Domestic Relations Law § 117 (1) (a) and (d), and similar statutes in other jurisdictions. In our view, they are examples of impermissible judicial legislation, and are ultimately unpersuasive.

### III

Finally, we note that our determination herein is not motivated or influenced by the petitioner's lifestyle. We only emphasize that any change in this area of the law must come, as the Family Court correctly stated, from the Legislature, which has "supreme control of the subject" *(Matter of Cook,* 187 NY 253, 260; *see also, Interest of Angel Lace M.,* 184 Wis 2d 492, 520, 516 NW2d 678, 687, *supra* [Geske, J., concurring]: "The legislators, as representatives of the people * * * have both the right and the responsibility to establish the requirements for a legal adoption").

Accordingly, the order appealed is affirmed.

Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.