OPINION OF THE COURT
Debra J. Kiedaisch, J.
Petitioner adoptive parents move to limit the pending hearing, which is to determine whether the consent of the biological father of the adoption of his out-of-wedlock child may be dispensed with, to a hearing in which the issue will be whether the father shall be adjudged to be equitably estopped from asserting his claim to paternity of the child. Petitioners cite to various custody cases in which the biological father of a child, seeking to assert his natural parental rights as superior to those of a nonbiological parent who has assumed the role of *670 father, has been estopped from asserting paternity and seeking custody/visitation with the child. Generally, those cases are based upon the court finding that the best interest of the child requires the biological father be equitably estopped from asserting paternity where the father inordinately delayed asserting paternity and a parent/child bond developed with the non-biological father.
Adoption is “solely the creature of, and regulated by, statute law * * * and [t]he Legislature has supreme control of the subject. Consequently, because adoption is entirely statutory and is in derogation of common law, the legislative purposes and mandates must be strictly observed.” (Matter of Robert Paul P., 63 NY2d 233, 237-238 [1984], quoting Matter of Eaton, 305 NY 162, 165 [1953], and Carpenter v Buffalo Gen. Elec. Co., 213 NY 101, 107 [1914]; Matter of Cook, 187 NY 253, 260 [1907]; Matter of Malpica-Orsini, 36 NY2d 568, 570 [1975]; Matter of Santacose, 271 App Div 11, 16 [1946]; 2 NY Jur 2d, Adoption § 3 [now 46 NY Jur 2d, Domestic Relations § 581 (rev)].)
In the statutes regulating adoption the Legislature did not include language establishing “equitable estoppel against the assertion of paternity” as a defense against a biological father seeking to contest the adoption whom, it is claimed, delayed or failed to assert parental commitment to the subject child. This is contrary to the statute requiring the conducting of a genetic marker or DNA tests in contested paternity proceedings in which the Legislature expressly included the right to refuse to order such scientific tests where it is not in the best interests of the child on the basis of “equitable estoppel” (see, Family Ct Act § 418 [a]). Instead, with respect to adoption, the Legislature set forth specific guidelines under which it is to be determined whether or not the consent of the biological father to the adoption is required (Domestic Relations Law § 111). The Court of Appeals in Matter of Raquel Marie X. (76 NY2d 387 [1990]), in the case of children placed for adoption before reaching six months of age, found unconstitutional the provision of the statute Domestic Relations Law § 111 (1) (e), requiring an unwed father to have lived with the biological mother as a predicate to asserting his parental rights to the child. The Court of Appeals in its decision, based on other guidelines fixed by the Legislature in the adoption statute, set forth the factors to be considered in establishing whether the biological father has forfeited the right to veto the adoption by withholding his consent. The factors, essentially, are aimed at measuring *671 whether the father in the six months prior to placement of the child for adoption has taken steps “to establish legal responsibility for the child, and * * * evinc[ed] a commitment to the child” (Matter of Raquel Marie X., 76 NY2d 387, 408 [1990]). Because such fact pattern involves cases in which the adoptive child has been placed with the adoptive parents, it will often be the case that the child has bonded with them. Nevertheless, the Legislature did not expressly base the right of the father to withhold his consent to adoption upon estopping the father from blocking the adoption because it is in the best interests of the child to preserve the bond between the child and nonbiological surrogate parents, as is the primary consideration in contested paternity cases where estoppel is invoked against the biological father asserting paternity. Rather, the statutory scheme in adoption focuses on the acts of the father in a constrained time period in determining whether he has forfeited the constitutionally protected right to parent. With respect to the right of the unwed natural father in such adoption proceedings to withhold consent to the adoption, neither the Legislature in the language of the statute, nor the Court of Appeals in its Matter of Raquel Marie X. decision (supra), set forth “equitable estoppel against the assertion of paternity” as has been applied in the contested paternity cases cited by movants as a possible bar against the biological father’s right to contest the adoption. The adoption statute, and Court of Appeals holding in Matter of Raquel Marie X (supra), has framed the issue as being whether the biological father may withhold “consent” to the adoption, and thereby veto the adoption.
The failure to timely assert parental responsibilities, and other factors cited by the Court of Appeals, which would cause the biological father’s consent to be dispensed with may amount to a form of estoppel as considerations of avoidance of harm, equity, and fairness to the adoptive child and adoptive parents underlie its genesis. However, as this case arises in the context of an adoption, the precedent established by the Court of Appeals holding in Matter of Raquel Marie X. (76 NY2d 387 [1990]), which framed the issue as to whether or not the unwed biological father’s consent to the adoption is required, and the factors which may be considered in determining the issue, is controlling and shall be followed by this court.
Accordingly, the motion is denied and dismissed.