OPINION OF THE COURT
Gabrielli, J.
In this proceeding, appellant, a foster parent who has had continuous care of the child, Alexia Stephanie P. (Stephanie) for approximately six years, seeks judicial review, by way of an article 78 proceeding, of a determination of respondent, Suffolk County Commissioner of Social Services (local agency), denying his consent to adopt Stephanie, and also of a determination of respondent, State Commissioner of Social Services (State agency), to remove the child from appellant’s foster care for purposes of adoption.
Stephanie, born June 24, 1975, was surrendered to the care and custody of the local agency shortly after her birth, and was subsequently placed in appellant’s foster care. Based upon the death of Stephanie’s natural mother in 1977, the local agency obtained guardianship and custody of the child in May of 1978. As Stephanie had been freed for adoption, this agency sought an adoptive resource. Appellant, having had the care of Stephanie for an extended period of time, was given first consideration as Stephanie’s adoptive parent. Having considered information related to Stephanie’s physical and emotional condition, appellant’s health, financial resources, age, and numerous other fac *12 tors, the local agency denied its consent to adopt Stephanie, stating the belief that the child’s needs would be better served by a younger, two-parent family.
After a conference at which appellant and her attorney appeared, the agency reaffirmed its denial of appellant’s request to adopt Stephanie, and thereafter served appellant with a 10-day notice of removal. Subsequently, at appellant’s request, a fair hearing was conducted by respondent State agency on the issue of Stephanie’s removal. This agency affirmed the local agency’s determination to remove Stephanie from appellant’s care. While the State agency recognized that Stephanie might suffer some trauma as a result of the removal, it also found that the trauma would be of short duration, and would be eased by supportive services.
Appellant then commenced two article 78 proceedings, one to review the local agency’s denial of its consent to adopt, and the other to review the determination of the State and local agencies to remove the child from her care. The proceedings were consolidated, and following a hearing, Special Term upheld the determination of the local agency and referred the proceeding brought against the State agency to the Appellate Division, as it involved a “substantial evidence” question (CPLR 7804, subd [g]). The Appellate Division affirmed the judgment of Special Term, finding that the local agency’s denial of its consent to adopt was not arbitrary and capricious, and unanimously confirmed the determination of the State agency which affirmed the local agency’s decision to remove Stephanie from foster care, finding that this determination was supported by substantial evidence. There should be an affirmance.
An important threshold question on this appeal concerns the appropriate standard of review of the agency determinations in this proceeding. Appellant would have the courts undertake a de novo review of the agencies’ actions, to determine what course of action would be in the “best interests of the child”. While “best interests” is the standard of review in an adoption proceeding, it is only peripherally involved in the judicial review of the determinations *13 which this appeal concerns — the agency’s denial of consent to adopt and the direction to remove Stephanie from appellant’s care.
Appellant’s contrary argument is based upon the provisions of subdivision 3 of section 383 of the Social Services Law, which entitles appellant to a “preference and first consideration” based upon her continuous care of Stephanie for a period of two years or more.[1] She fails to distinguish, however, between review of denial of agency consent to her request that she be permitted to adopt and the adoption proceeding itself. The last sentence of the first paragraph of the subdivision makes clear that “the propriety of * * * adoption” is “within the sole discretion of the court,” a discretion which is to be exercised on a “best interests” basis. Section 383 does not, however, speak to review of denial of consent to adopt. Had the agency given its consent to appellant’s request to adopt Stephanie, the court would approve the adoption only if it were in Stephanie’s best interests. Here, however, we review not the propriety of an adoption but the local agency’s denial of consent to adopt, and the State agency’s subsequent decision to remove the child from foster care. On such review, subdivision 3 of section 383 does not require a de novo judicial review of the “best interests of the child”. Rather, the usual article 78 standards of review are applicable (CPLR 7803, subds 3,4).
Nor does our decision in People ex rel. Ninesling v Nassau County Dept, of Social Servs. (46 NY2d 382) compel a different conclusion. In Ninesling (at p 389), this court, in the context of a removal proceeding, set forth the burden of proof which foster parents must meet when they seek to retain custody of a child. In so doing, we noted that in considering the future viability of the foster care program, we were not abdicating our “duty as parens patriae to determine custody on the basis of the best interests of the child”. It must also be noted, however, that in considering the best interests of the child, we did not fashion a new standard of judicial review for article 78 proceedings involving child *14 custody. Rather, we exercised our role as parens patriae to the extent that we set forth a burden of proof which the foster parents must meet before the adoption agency itself when they seek consent to adopt or attempt to forestall proposed removal of a child from foster care. We concluded that foster parents seeking to retain custody of the child in their care must satisfy the adoption agency not only that they would make suitable adoptive parents, but must also demonstrate that they would provide a better adoptive home than one that might be planned by the adoption agency. The court recognized that this burden could not easily be met, because the foster parents have no medium in which to demonstrate that they would provide a more suitable home than the as yet undetermined adoptive parents. That appellant is entitled to a “preference and first consideration” and thus a corresponding reduction in her burden of proof before the agency regarding her suitability as an adoptive parent as established in Ninesling, merely alters her burden of proof at the administrative level. It does not change the standard to be applied by this court in reviewing the agency’s determination. Rather, we must make a determination of whether respondents’ actions were irrational, i.e., “arbitrary and capricious” or unsupported by “substantial evidence”, which involves consideration of whether appellant was held by the agency only to a lesser burden of proof.
The discussion in Ninesling recognizes that an article 78 proceeding is the proper procedural mechanism by which to review agency action in relation to removal. It is also the appropriate vehicle for review of an agency determination denying consent to adoption by foster parents (see Social Services Law, § 372-e, as added by L 1979, ch 611, § 5). However, we note that a de novo review of Stephanie’s best interests will take place in the eventual adoption proceeding.[2] Indeed, it is the adoption proceeding, in which appel *15 lant has a right to intervene (Social Services Law, § 383, subd 3), which is the appropriate forum for the ascertainment of the child’s best interests. Of course, in any adoption proceeding, the prime consideration is always the best interests of the child (Domestic Relations Law, §§ 114,116, subd 2; cf. “Doe” v “Roe”, 37 AD2d 433, 435). As appellant has the right to intervene in that proceeding, she will not be foreclosed by the agency’s prior denial of consent (nor by judicial affirmance of such a denial) from once again presenting to the adoption court the claim that the child’s best interests mandate adoption by appellant rather than the proposed adoptive parents. At that point, appellant will not be faced with the dilemma, which we noted in Ninesling (46 NY2d, at p 390) and which she faced in the instant proceeding, that the proposed adoptive parents are as yet undetermined. Further, the adoption court, in whose discretion lies the propriety of the proposed adoption, may, after de novo review of Stephanie’s best interests, approve adoption by the proposed adoptive parents or by the foster parent, or reject adoption by either.
Given that appellant’s entitlement to a “preference and first consideration” lessens her burden of proof before the agency with regard to establishing that she could provide a better adoptive home than that planned by the agency, we must determine whether the denial of consent to adopt by the local agency was “arbitrary and capricious”, because the agency either failed to base its determination on what it rationally concluded was in Stephanie’s best interests or failed to give appellant the consideration she was due as one entitled to a preference. The agency’s denial of appellant’s application was based on its belief that a younger, two-parent family would better serve Stephanie’s needs. Appellant, on the other hand, believes that her long period of care for Stephanie and the trauma that would result from her removal from appellant’s home require that her adoption application be approved. Without expressing any view as to *16 whether the agency’s belief was enough to justify its denial of appellant’s adoption application, we note that the agency’s decision was also based upon appellant’s health, financial difficulties, the fact that she had no real system within her immediate family to provide for Stephanie if appellant were to become ill or pass away and the fact that appellant’s daughter-in-law expressed doubt concerning appellant’s ability to deal with the problems of older children. Further, the agency had evidence before it that the relationship between appellant and Stephanie was not particularly healthy for Stephanie, given her special needs. It cannot be said, given the investigation by respondent and the information before it, and in spite of the fact that the evidence as to appellant’s qualifications as an adoptive parent conflicted in some respects, that respondent acted in an arbitrary and capricious manner. Indeed, the agency considered all relevant factors pertaining to appellant’s qualifications as an adoptive parent, before it considered any other adoptive resource, and concluded that appellant failed to meet what it believed to be the minimum standard for an adoptive resource for Stephanie. Although the agency recognized that Stephanie would suffer some amount of trauma by her removal, it also determined that the trauma would be of short duration and eased by supportive services. Thus, it appears that the agency, having due regard for appellant’s entitlement to a preference and first consideration, considered appellant not to be a suitable adoptive parent, much less a better adoptive parent than other potential adoptive resources. We cannot say, on this record, that the local agency failed in its responsibility to act in Stephanie’s best interests or in its duty to accord appellant a preference and first consideration.
Turning next to respondent State agency’s actions, we must determine whether its decision to remove Stephanie from foster care was based upon substantial evidence that removal was in her best interests, inasmuch as this decision was rendered after a fair hearing. The State agency determined that the local agency had denied appellant’s application for adoption on the basis of her age, single parenthood, and financial difficulties, that the local agency believed *17 Stephanie to be a highly adoptable child, and that several adoptive resources were available for her placement. Under these circumstances, the State agency found removal of Stephanie from foster care to be both proper and necessary, in spite of the fact that trauma would result from the removal. In this regard, most staff members of the local agency ultimately expressed their opinion that the removal trauma could be eased by supportive services. We cannot say that the State agency’s decision to remove Stephanie was unsupported by substantial evidence.
We emphasize, as did the courts below and the two respondent agencies, that at all times appellant has given Stephanie love, warmth and considerate care. Her desire to adopt Stephanie is obviously sincere. As has been noted previously by this court, however, the legal qualifications required by the courts of prospective adoptive parents differ from those required of foster parents, the latter committing themselves only to temporary care of the child (Matter of Spence-Chapin Adoption Serv. v Polk, 29 NY2d 196, 204).
Respondents’ actions in refusing to allow appellant to adopt Stephanie cannot be termed “arbitrary and capricious” or unsupported by “substantial evidence”. In this regard, we note again that in the eventual adoption proceeding, in which appellant has a right to intervene (Social Services Law, § 383, subd 3), the court will undertake a de novo review of Stephanie’s best interests, at a point when the adoption agency’s plan will be available to the court, and the determination can thus be properly made.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. This time requirement was changed to 18 months by section 6 of chapter 611 of the Laws of 1979.

. Even in the instant proceedings, Stephanie’s best interests have great relevance. It is respondents’ duty to act in the best interests of the children who are placed in their care; if they do not so act, their actions must be deemed “arbitrary and capricious”, or not based on “substantial evidence”. To the exent that we adopt a more restrictive standard of review, we do not ignore *15 the child’s best interests, rather, we simply recognize that it is not our proper role to substitute our judgment here for that of the agencies in resolving the issue of “best interests”, notwithstanding the fact that we might have acted differently in some circumstances.