■ In the Matter of WALLACE PETERS et al., Petitioners, v JAMES P. McCAFFREY, as Commissioner of the Department of Social Services of the County of Albany, et al., Respondents.— Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Commissioner of Social Services which removed four foster children from petitioners' home.

Petitioners were certified and licensed by the Albany County Department of Social Services (hereinafter the local agency) as foster parents in 1987. In October 1989, one of the five foster children then residing with petitioners, Heather Passenger, ran away from petitioners' home. When she was found by the authorities, Heather alleged that petitioners had inflicted corporal punishment upon all of the foster children, especially Laura Hodges, and that petitioners had used food deprivation as a form of punishment. Based upon these allegations, a report was filed with the State Central Register of Child Abuse and Maltreatment, and a subsequent report was filed which alleged that petitioner Susan Peters had dragged Laura across a rug in petitioners' home, causing an abrasion on Laura's back.

The local agency ultimately determined that Laura and her brother should be removed from petitioners' home and that the remaining two foster children, Charlie Jensen and Norman Jensen, should also be removed. Petitioners appealed to the State Department of Social Services pursuant to Social Services Law § 400 (2). Following a fair hearing, respondent State Commissioner of Social Services (hereinafter respondent) affirmed the decision of the local agency to remove the children, and petitioners commenced this CPLR article 78 proceeding to review the determination.

A number of witnesses testified at the hearing, including Heather and petitioners. Respondent concluded as follows: "A thorough review of all of the allegations against [petitioners] indicates that only one justifies the removal of the children. There is a preponderance of evidence that Mrs. Peters, in punishing Laura, angrily dragged her across a rug causing a two centimeter by five centimeter abrasion on her back. Based upon this conduct of Mrs. Peters, the Agency appropriately exercised its discretion when it removed the four [other] children."

Petitioners contend that because the incident in which Laura sustained an abrasion on her back was not a separate

specifically articulated ground for the local agency's decision to remove the other four children, respondent improperly substituted his judgment for that of the local agency. Petitioners' argument is based upon a principle applicable to the courts in their review of final administrative determinations to determine whether, as a matter of law, the determinations are arbitrary and capricious, or lacking a rational basis or substantial evidentiary support in the record *(see, e.g., Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593). Here, however, respondent was acting in his role as the final step in the administrative appeal process to determine whether, as a matter of fact, the local agency was justified in exercising its discretionary authority to remove the foster children *(see, People ex rel. Ninesling v Nassau County Dept. of Social Servs.,* 46 NY2d 382, 386). The principle relied upon by petitioners simply has no application within the administrative appeal process.

We note that petitioners had ample notice that the incident involving the abrasion on Laura's back was a matter to be considered at the fair hearing and the circumstances surrounding the incident were vigorously litigated at the hearing. We also note that the conflicting evidence on the issue presented a question of fact, and respondent's resolution of that factual issue is clearly supported by substantial evidence *(see, Matter of Joseph M. v Perales,* 143 AD2d 272, *lv denied* 73 NY2d 708). In our view, the issue distills to whether the single isolated incident, during which Peters dragged Laura across a rug, provides a rational basis for respondent's determination to remove the four foster children.

Inasmuch as foster parents are prohibited from using corporal punishment (18 NYCRR 441.9 [c]), we see nothing irrational in respondent's determination concerning the removal of Laura, despite the fact that her injury was not serious. In view of the policy that favors keeping siblings together (18 NYCRR 431.10 [a]), we also find nothing irrational in respondent's determination concerning the removal of Laura's brother. As to the removal of the two Jensen children, however, we reach a contrary result. Respondent expressly rejected all evidence of maltreatment except the incident of corporal punishment inflicted upon Laura. The local agency repeatedly refers to the incident as "neglect", but respondent did not find Laura to be a neglected child within the meaning of Social Services Law § 371 (4-a). Nor did respondent find that this single incident posed any risk to the other children. Nor is there any finding that the Jensen children observed or even

were aware of the incident. Most noticeably, however, is the absence, of any explanation in respondent's determination as to how the single isolated incident of corporal punishment inflicted on Laura justified the local agency's removal of the Jensen children. Accordingly, insofar as it concerns the removal of the Jensen children, respondent's determination is irrational and must be annulled. We are also of the view that because respondent found the allegations of Heather to be incredible, the maltreatment report based upon those allegations should have been expunged (see, Social Services Law § 422 [8] [c] [i]).

With the passage of nearly a year since the removal of the Jensen children from petitioners' home, a question arises as to whether the children's best interest would be served by removing them from their current foster home and returning them to petitioners' home. Had respondent correctly determined that the local agency was not justified in removing the Jensen children from petitioners' home, respondent would have had to decide whether the return of the Jensen children to petitioners' home was appropriate. Accordingly, we remit the matter to respondent to resolve that issue and fashion an appropriate remedy which will accommodate both the rights of petitioners as established by this decision and the best interest of the Jensen children.

Determination modified, without costs, by annulling so much thereof as removed Charlie Jensen and Norman Jensen from petitioners' foster home; matter remitted to respondent State Commissioner of Social Services for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.