■ GLORIA BANKS-NELSON, Petitioner, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Respondents. [625 NYS2d 131] —Determination of the respondent Commissioner of the New York State Department of Social Services, dated June 30, 1993, which affirmed the decision of the Commissioner of the New York City Department of Social Services and the Lutheran Social Services of Metropolitan New York to permanently remove three foster children from petitioner's home, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [David Saxe, J.], entered March 18, 1994) dismissed, without costs.

The State Commissioner applied the correct standard of review in holding that the local agency was justified in exercising its discretionary authority to remove the foster children, and this decision was not arbitrary and capricious *(see, Matter of Peters v McCaffrey,* 173 AD2d 934, 935). The law presumes that the best interests of siblings require that they be placed together in foster care. Once the Commissioner had determined that the agency had properly removed one sibling, the other children were, absent a strong countervailing reason to do otherwise, required to be removed *(supra).*

Substantial evidence, including the children's behavioral problems, particularly their oversexualized activity, petitioner's admitted inability to supervise the children and control their behavior, petitioner's failure to attend behavior management sessions at the children's schools, and her breach of the contract with the agency which specifically warned her of the children's possible removal if she failed to attend the school conferences, supports the determination that the children's best interests were served by their removal from petitioner's foster care *(see, Matter of O'Rourke v Kirby,* 54 NY2d 8, 14-15, n 2). Concur—Sullivan, J. P., Wallach, Nardelli, Williams and Mazzarelli, JJ.