OPINION OF THE COURT
John G. Ringrose, S.
Petitioners, an unmarried couple, seek to adopt Joseph. Section 110 of the Domestic Relations Law does not specifically authorize the adoption by two unmarried individuals residing together, but the Court of Appeals has settled the question that an unmarried couple may together adopt a child born to one of them. (Matter of Jacob, 86 NY2d 651.) The Court in that decision did not address the question whether two unmarried people could adopt a child where neither of the individuals is *486 the biological parent. In fact, the Court focused on the biological tie to one of the two parents.
A footnote in the majority opinion acknowledged that the case before the Court was in a category different from those cases in which two unmarried adults seek to adopt a child who is not the biological child of either of them.
Joseph was born February 28, 1994. Based on neglect charges, Joseph entered foster care on February 15, 1995; was placed with the adopting parents on or about March 5, 1995; and has resided with them to date. The biological parents signed judicial surrenders freeing Joseph for adoption on February 14, 1997.
The adoptive parents have resided together since 1969 and attribute the success of their 29-year relationship to many factors, including their love for children. The prospective adoptive father has five siblings and has eight children from a prior marriage. The adoptive mother has seven living siblings and has two children from a prior marriage. Together the prospective adoptive parents have 25 grandchildren and their children and grandchildren are frequent visitors. The prospective adoptive parents have no children born to them, but, some three years ago, they adopted a foster child who resided with them. At that time, which was prior to Matter of Jacob (supra), only the adoptive father petitioned for the adoption. It should also be noted that the prospective adoptive mother has been a foster parent with the Oneida County Department of Social Services for approximately 12 to 13 years.
Joseph was placed with the adoptive parents by the Oneida County Department of Social Services, which strongly recommends the adoption. In addition, Joseph’s Law Guardian strongly recommends the adoption as being in the best interests of the infant. Thus, the court is faced with a determination as to whether the second parent adoption permitted in Matter of Jacob (86 NY2d 651, supra) should be expanded to an unmarried couple where neither is the biological parent. In particular, in the case at bar, should that decision be expanded to permit the adoption of a foster child who has resided with his foster parents for a period in excess of three years and has obviously bonded with them?
The court finds no cases in point, and agrees with the dissent in Matter of Jacob (supra), that this determination should have been more properly left to the Legislature. However, inasmuch as the Court of Appeals has permitted unmarried individuals to adopt, this court is of the opinion that there is *487 no valid reason not to éxtend that right to foster parents, albeit unmarried. This court will therefore approve the order of adoption for Joseph as being in his best interests.