■ In the Matter of RALPH, an Infant. PATRICIA F., Respondent; JOHN B. et al., Appellants, and NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. In the Matter of GEORGINA, an Infant. PATRICIA F., Respondent; JOHN B. et al., Appellants, and NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [710 NYS2d 500] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondents-petitioners, John B. and Janet B. (respondents), appeal from an order of Family Court that dismissed their petitions seeking to adopt Ralph, born August 4, 1993, and Georgina, born August 30, 1996, and authorized the continued processing of the competing petitions to adopt those children filed by petitioner-respondent, Patricia F. (petitioner). We conclude that Family Court lacked jurisdiction to pass upon any of the competing petitions in this proceeding. Although the jurisdictional issue is raised for the first time on appeal, we nevertheless address it because the issue presented is one of law that appears upon the face of the record and could not have been avoided by the parties if brought to their attention at the proper juncture (*see, Oram v Capone,* 206 AD2d 839, 840).

The tortuous history of this matter establishes an appalling failure by respondent Niagara County Department of Social Services (DSS) to act consistently with respect to the placement of these two foster children for adoption as well as the

inexplicable failure of DSS to follow well-established statutory procedures for agency adoptions (*see generally,* Domestic Relations Law §§ 112-114). Ralph and Georgina are half-siblings who were placed in the care and custody of DSS after the parental rights of their natural parents had been terminated. Ralph has been determined to be developmentally disabled and mildly retarded. In December 1996 DSS placed both children in the home of respondents, who have been certified as foster parents for over 22 years. Georgina has resided continuously with respondents since she was 3 months old. Ralph resided with them until January 1999, when he was removed from their home with their consent and placed in the home of petitioner.

Respondents contend that they were advised by a DSS caseworker that a physician who had examined the children had indicated that, in his professional medical opinion, the children should be placed in separate homes for adoption. By letter dated January 13, 1999, DSS advised respondents that they could proceed with the adoption of Georgina and that another party would adopt Ralph. Shortly thereafter, Ralph was removed from their home without objection and placed with petitioner on a preadoption basis. Petitioner, a special education teacher, is also a certified foster parent and has another adopted son who resides with her. In March 1999 respondents filed a petition to adopt Georgina. Petitioner, on the other hand, contends that she was advised by DSS in November 1998 that she could adopt both Ralph and Georgina, and thereafter filed the instant petitions seeking to adopt both children.

In April 1999, after DSS retained the services of a certified social worker to evaluate the children, DSS apparently reversed itself and advised respondents for the first time that the children could not be separated and would be placed together for adoption in the home of petitioner. DSS then served a 10-day notice pursuant to 18 NYCRR 443.5 advising them that Georgina would be removed from their home. Respondents requested a departmental review of the decision of DSS to remove Georgina and a "fair hearing" to challenge the outcome of that review (*see,* Social Services Law § 400 [2]; *Matter of Dina Michelle S.,* 236 AD2d 544, 545-546). They also petitioned for a temporary restraining order preventing her removal. They then filed a petition seeking to adopt Ralph as well.

Respondents contend that, as foster parents who have cared for the children continuously for a period of over 12 months, they are entitled to a statutory preference and first consideration of their applications for adoption pursuant to Social Ser-

vices Law § 383 (3). Instead of proceeding with the fair hearing on the decision to remove Georgina from her foster parents, however, DSS and the competing adoptive parents consented to Family Court's holding a hearing to decide which of the competing adoptive homes would be in the children's best interests. In so doing, DSS improperly abdicated its responsibility to exercise its professional judgment in placing for adoption these two children who were in its lawful care and custody (*see,* Domestic Relations Law § 111 [1] [f]; § 112 [2]).

It is well established that, because adoption in this State is "solely the creature of * * * statute" (*Matter of Eaton,* 305 NY 162, 165), the adoption statute must be strictly construed (*see, Matter of Jacob,* 86 NY2d 651, 657). In an adoption from an authorized agency, the agency having lawful custody of the child must consent to the adoption (*see,* Domestic Relations Law § 111 [1] [f]; § 112 [2]). The settled record on appeal in this proceeding fails to establish that DSS executed the required consents to any adoption petition or that any consents were filed with the clerk of the court as required by Domestic Relations Law § 112-a (1). The role of the court is to determine whether a complete adoption application for a child in the care and custody of an authorized agency should be approved in the best interests of the child (*see,* Domestic Relations Law § 111 [1] [f]; § 112 [2]). The court lacks jurisdiction to act upon incomplete adoption applications (*see, Matter of Alexandria Mary,* 227 AD2d 44, 46-47).

It appears from the record that each of the prospective adoptive parents is a loving, well-intentioned party who would be a fit adoptive parent. Although we recognize that adoption proceedings should be expedited, we cannot condone the convoluted procedure employed by DSS in this matter because "to do so would disrupt procedures that have been in place for years" (*Matter of Alexandria Mary, supra,* at 48). We therefore modify the order by dismissing the petitions filed by petitioner, subject to the right of all parties to submit new adoption petitions, and any rights that respondents may have to a fair hearing pursuant to Social Services Law § 372-e (4) and § 400 (2) to challenge the removal of Georgina from their home and any refusal of DSS to consent to their adoption petitions. In the event of an unfavorable determination, respondents are entitled to commence a proceeding pursuant to CPLR article 78 to challenge that determination (*see, Matter of Smith v Lascaris,* 106 Misc 2d 1044, 1050). (Appeal from Order of Niagara County Family Court, Batt, J.—Adoption.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.