[804 NYS2d 197]

In the Matter of the Adoption of ZOE D.K., Also Known as ZOE D.P., an Infant. STEPHEN K., Appellant; KIMBERLY R.P., Respondent. (Appeal No. 2.)

Fourth Department, November 10, 2005

**APPEARANCES OF COUNSEL**

*Hogan & Willig, PLLC*, Amherst (*Diane R. Tiveron* of counsel), for appellant.

*Anne E. Adams, Law Guardian,* Buffalo, for Zoe D.K., also Known as Zoe D.P.

*Arcangelo J. Petricca,* Lackawanna, for respondent.

## OPINION OF THE COURT

SCUDDER, J.

Respondent sought to adopt her biological daughter in order to "change the child's name and remove the biological father's name from [the] birth certificate and live without fear." The issue of first impression before us is whether the unmarried biological mother of a child born out of wedlock is entitled to adopt her child. We conclude that she is not, and thus we conclude that Surrogate's Court should have granted the application of petitioner, the child's biological father, to vacate the order of adoption.

The underlying facts are simply stated. The parties are the unmarried parents of Zoe D.K., also known as Zoe D.P., who was born on July 13, 1997 in San Antonio, Texas, where the parties then resided together. According to respondent, approximately two weeks after Zoe's birth, petitioner was violent toward respondent and his actions endangered Zoe's life. Respondent left the parties' home with Zoe while petitioner was at work and without informing petitioner that she was doing so, and shortly thereafter relocated with Zoe to the area of Buffalo, New York, where her father resided. Respondent's family members who resided in Texas refused to inform petitioner where respondent had relocated with Zoe, and petitioner's efforts to locate respondent and Zoe through the use of a private investigator shortly after they left were unsuccessful. Petitioner, however, obtained an order in a Texas court in October 1997 awarding him custody of Zoe.

On December 25, 1997, petitioner sustained catastrophic injuries in a one-vehicle accident, and he did not resume his search for respondent and Zoe until 2001. At that time he located respondent's father, who agreed to accept gifts and cards for Zoe, and respondent's stepmother sent pictures of Zoe to petitioner. Respondent's father and stepmother, however, refused to provide petitioner with information regarding Zoe's whereabouts. It is undisputed that Zoe received the gifts and cards sent by petitioner to respondent's father and that respondent knew that they had been sent by petitioner. Petitioner ultimately located respondent and Zoe through the use of a private investigator, and in November 2002 petitioner filed a pe-

tition in Family Court, Erie County, seeking visitation with Zoe. In connection with that petition, however, petitioner learned in February 2003 that respondent had adopted Zoe in September 2002. Petitioner thereafter sought by order to show cause to vacate the adoption of Zoe by her biological mother. As previously noted, we conclude that the court erred in failing to grant that relief.

"It is well established that, because adoption in this State is 'solely the creature of . . . statute' (*Matter of Eaton*, 305 NY 162, 165), the adoption statute must be strictly construed" (*Matter of Ralph*, 274 AD2d 965, 967 [2000]; *see Matter of Jacob*, 86 NY2d 651, 657 [1995]). Thus, although we acknowledge that, pursuant to the express terms of Domestic Relations Law § 110, "[a]n adult unmarried person . . . may adopt another person . . . [and] [a]n adult . . . husband and his adult . . . wife together may adopt a child of either of them born . . . out of wedlock," we nevertheless conclude that the statutory framework does not contemplate the adoption of a child born out of wedlock by his or her unmarried biological parent.

> "Our adoption statute embodies the fundamental social concept that the relationship of parent and child may be established by operation of law. . . . [I]n the eyes of the law an adopted child becomes 'the natural child of the adoptive parent' with all the attendant personal and proprietary incidents to that relationship. . . . Indeed, the adoption laws of New York . . . reflect the general acceptance of the ancient principle of *adoptio naturam imitatur*—i.e., adoption imitates nature" (*Matter of Robert Paul P.*, 63 NY2d 233, 236 [1984] [citations omitted]).

"Adoption is the legal proceeding whereby a person takes another person into the relation of child and thereby acquires the rights and incurs the responsibilities of parent in respect of such other person" (Domestic Relations Law § 110).

Here, the adoption did not provide "a means of securing the best possible home for [Zoe]" (*Matter of Jacob*, 86 NY2d at 658), nor did it give "legal recognition to an existing family unit" (*Matter of Raquel Marie X.*, 76 NY2d 387, 398 [1990]). Rather, as a result of the order of adoption, petitioner, without his knowledge or consent, was "relieved of all parental duties toward and of all responsibilities for and shall have no rights over [Zoe]" (Domestic Relations Law § 117 [1] [a]), while the rights and responsibilities of respondent with respect to Zoe remained unchanged.

The statutory framework of this State supports the strong policy " 'assuring that as many children as possible are adopted into suitable family situations' " (*Matter of Jacob*, 86 NY2d at 661, quoting Bill Jacket, L 1984, ch 218, Mem of Dept of Social Servs, at 2 [June 18, 1984]). That policy is reflected in the expansion of section 110 to include separated but yet not divorced persons, and the determination of the Court of Appeals that section 110 permits the adoption of children by unmarried couples (*see id.* at 656). That purpose, however, is not served in the instant situation. We conclude that respondent does not fall within any category of persons set forth in section 110, and she therefore is not permitted to adopt Zoe.

Accordingly, the order should be reversed, the application granted and the order of adoption vacated.

HURLBUTT, J.P., GORSKI, SMITH and LAWTON, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed, on the law without costs, the application is granted and the order of adoption is vacated.