■ In the Matter of Adoption of Savon, an Infant. Tryphenia G., Appellant; Onondaga County Department of Social Services, Respondent. (Appeal No. 1.) [809 NYS2d 740]—

Appeal from an order of the Family Court, Onondaga County (Bryan Hedges, J.), entered September 8, 2004. The order dismissed petitioner's motion for visitation during the pendency of the adoption proceeding.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal No. 2, petitioner, the great aunt of Savon, appeals from an order that dismissed her amended petition seeking to adopt Savon. In appeal No. 1, petitioner appeals from an order that dismissed her motion for visitation with Savon during the pendency of the adoption proceeding. Contrary to petitioner's contention, Family Court was without jurisdiction to act on the amended adoption petition because the adoption application was incomplete without respondent's consent to the adoption (*see Matter of Ralph*, 274 AD2d 965, 967 [2000]). "Adoption in this State is solely the creature of, and regulated by, statute law . . . and [t]he Legislature has

supreme control of the subject. . . . Consequently, because adoption is entirely statutory and is in derogation of common law, the legislative purposes and mandates must be strictly observed" (*Matter of Robert Paul P.*, 63 NY2d 233, 237-238 [1984] [internal quotation marks omitted]; *see Matter of Eaton*, 305 NY 162, 165 [1953]; *Matter of Zoe D.K.*, 26 AD3d 22 [2005]). Because Savon was in the care and custody of respondent when petitioner commenced the adoption proceeding, she was required pursuant to Domestic Relations Law § 112 (2) (c) to present to the court the consents required by Domestic Relations Law § 111. Those consents include the consent of the authorized agency having lawful custody of the adoptive child (§ 111 [1] [f]), i.e., respondent herein, and "[t]he court lacks jurisdiction to act upon incomplete adoption applications" (*Ralph*, 274 AD2d at 967). Although petitioner may challenge respondent's refusal to consent to the adoption by requesting a fair hearing and may thereafter challenge an adverse ruling resulting therefrom by commencing a proceeding pursuant to CPLR article 78 (*see Matter of John B. v Niagara County Dept. of Social Servs.*, 289 AD2d 1090, 1091 [2001]; *see generally Matter of O'Rourke v Kirby*, 54 NY2d 8 [1981]), she may not preclude respondent "from exercising its professional judgment whether to permit petitioner[ ] to apply for the adoption of a child surrendered to its care and custody" by commencing an adoption proceeding without respondent's consent (*Matter of Alexandria Mary*, 227 AD2d 44, 47 [1996]). Thus, the court properly dismissed the amended adoption petition in appeal No. 2 and dismissed the motion seeking visitation in appeal No. 1. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.