OPINION OF THE COURT
Randal B. Caldwell, S.
Before this court is a petition for adoption filed by the natural mother of the child, Pamela V, and the proposed adoptive father, Michael J. The proposed adoptive father is the biological brother *415 of the natural mother and they have resided at the same address only since December 2006.
The background to this adoption proceeding is found in the recent divorce decree of the biological parents of the child, present petitioner Pamela and her ex-husband, Chad, dated June 13, 2007. The decree incorporates an opting-out agreement between the parties which provides that the father execute an irrevocable consent to the adoption of the child by his ex-wife and an unnamed “another male.” In return, the mother agreed that the payment of $4,000 would satisfy the obligation to pay the outstanding child support arrears of $7,628 and that his child support obligation would cease. In essence, the father of the child agreed to relinquish all parental rights in exchange for the ending of his future support obligation and a favorable settlement of the past due amount.
It is undeniable that the area of adoption law has undergone a significant transformation in recent years whereby same-sex couples were deemed eligible to adopt (see, Matter of Jacob, 86 NY2d 651 [1995]), and unmarried heterosexual couples were also permitted to adopt (see, Matter of Carl, 184 Misc 2d 646 [2000]). Indeed this court was the venue of one of the leading cases in this area, decided by former Surrogate John G. Ringrose, namely Matter of Joseph (179 Misc 2d 485 [1998]), which held that an unmarried couple, residing together, would be permitted to adopt their foster child even though neither adoptive parent was the child’s biological parent. Notably however, all of these decisions have been predicated on the rationale that the relationship between the proposed adoptive parents is the functional equivalent of the traditional husband-wife relationship, albeit between same-sex couples or unmarried partners. The first case in Matter of Jacob (supra) involved the biological mother of the child and her unmarried heterosexual partner who had been living together for three years, and the second case involved the natural mother of the child and her lesbian partner who had lived together in a relationship for 19 years. In analyzing the terms of the statute, the Court stated: “The statute uses the word ‘together’ only to describe married persons and thus does not preclude an unmarried person in a relationship with another unmarried person from adopting.” (86 NY2d at 660 [emphasis added].) The Court also discussed the nature of the changing American family where “at least 1.2 of the 3.5 million American households which consist of an unmarried adult couple have children under 15 years old.” (86 *416 NY2d at 661.) Similarly, in Matter of Carl (supra), the Court expressly considered the length of the relationship between the unmarried petitioners in that case and in Matter of Joseph and Matter of Dana (decided along with Matter of Jacob, supra), in contrast to the high rate of divorce for married persons.
As recently noted by the Appellate Division of the Fourth Department, the adoption statute must be strictly construed as adoption is “solely the creature of . . . statute” (Matter of Zoe D.K., 26 AD3d 22, 24 [2005], quoting Matter of Eaton, 305 NY 162, 165 [1953]). In that case, the Fourth Department would not permit the adoption of a child born out of wedlock by her unmarried biological parent where the effect would be to terminate the rights of the natural father while leaving unchanged the rights and responsibilities of the mother. The Court noted that the adoption did not foster the goals of providing the best possible home for the child or giving legal recognition to an existing family unit.
We are now asked to further expand the prior holdings to virtually unlimited boundaries, namely, to authorize the adoption of a child by a natural parent and another member of that parent’s family, namely, the brother of the natural mother. This court finds that the reasoning employed in the prior decisions expanding the right to adopt is simply inapplicable to the present case. In absence of direction by a higher court that the right to adopt should be extended in this fashion, this court will dismiss the pending petition.