“[A]doption in this State is solely the creature of. . . statute, [and] the adoption statute must be strictly construed” (Matter of Jacob, 86 NY2d 651, 657 [1995] [internal quotation marks
*756 omitted]; see Matter of Robert Paul P., 63 NY2d 233, 237-238 [1984]; Matter of Savon, 26 AD3d 821, 821-822 [2006]). Here, since the subject child was in the care and custody of the respondent Suffolk County Department of Social Services (hereinafter DSS) when the appellant commenced the adoption proceeding, the appellant was required to present to the Family Court the consent of DSS to the adoption (see Domestic Relations Law §§ 111 [1] [f]; 112 [2] [c]; Matter of Savon, 26 AD3d at 822; Matter of Ralph, 274 AD2d 965, 967 [2000]). However, the appellant failed to establish that DSS executed the required consent to the adoption petition (see Matter of Savon, 26 AD3d at 821-822; Matter of Ralph, 274 AD2d at 967). Thus, the Family Court lacked jurisdiction to entertain the petition (see Matter of Savon, 26 AD3d at 821-822; Matter of Ralph, 274 AD2d at 967).
Accordingly, the Family Court properly, in effect, denied the appellant’s petition for adoption and dismissed the proceeding on the ground of lack of jurisdiction.
The appellant’s remaining contention is not properly before this Court. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.