In the Matter of KELLI HELMER et al., Petitioners, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [54 NYS3d 265]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [John F. O'Donnell, J.], entered January 24, 2017) to review a determination of respondent New York State Office of Children and Family Services. The determination affirmed the determination of respondent Erie County Department of Social Services to remove two foster children from petitioners' home.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to CPLR article 78, petitioners challenge the determination of respondent New York State Office of Children and Family Services (OCFS) that affirmed, after a fair hearing, the determination of respondent Erie County Department of Social Services (DSS) to remove two foster children from petitioners' home. Petitioners contend that the determination is arbitrary and capricious and not supported by substantial evidence inasmuch as the evidence established that removal of the children would be contrary to their best interests. We note at the outset that, in reviewing the determination, "it is not our proper role to substitute our judgment here for that of the agencies in resolving the issue of 'best interests' " (Matter of O'Rourke v Kirby, 54 NY2d 8, 14 n 2 [1981]; see Matter of John B. v Niagara County Dept. of Social Servs., 289 AD2d 1090, 1091-1092 [2001]), but rather, we must

determine whether there is "such relevant proof as a reasonable mind may accept as adequate to support" the determination to remove the children (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Bottom v Annucci*, 26 NY3d 983, 984-985 [2015]). The evidence presented by DSS and relied upon by OCFS meets that standard. OCFS was entitled to credit the testimony of the DSS witnesses and to conclude, based upon that testimony, that serious doubts existed with respect to the stability of petitioners' home and the ability of petitioners to care for the older foster child and protect the younger foster child and the other child in their care (*see Matter of Emerson v New York State Off. of Children & Family Servs.*, 148 AD3d 1627, 1627-1628 [2017]). We therefore decline to disturb the determination that removal was in the best interests of the children, inasmuch as that determination is supported by substantial evidence and is not arbitrary or capricious. Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.