Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 3, 2017 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition and directed respondent Erie County Department of Social Services to return the subject child to the certified foster home of petitioners.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified in the exercise of discretion by vacating that part granting the petition insofar as it sought the return of the subject child to the certified foster home of petitioners and by vacating the second through sixth decretal paragraphs, and as modified the judgment is affirmed without costs, and the matter is remitted to respondent New York State Office of Children and Family Services to conduct forthwith a hearing to determine the best interests of the child in accordance with the following memorandum: This proceeding arises out of a determination of respondent Erie County Department of Social Services (DSS) to remove the subject child, born in March 2015, from petitioners’ foster care. The child had been living in petitioners’ home since May 2015, but was removed on June 1, 2016 to be reunited with her siblings in a different foster home (see 18 NYCRR 431.10). Petitioners sought administrative review of the removal and requested a fair hearing before respondent New York State Office of Children and Family Services (OCFS) (see Social Services Law §§ 22, 400; 18 NYCRR 443.5), which was completed by August 17, 2016. After the hearing, OCFS issued a decision on or about October 7, 2016, concluding that the determination of DSS to remove the child was arbitrary and capricious and not supported by substantial evidence. Despite that decision, OCFS did not order the return of the child to petitioners’ home but instead remitted the matter to DSS to complete an evaluation of the child to determine whether it was appropriate to leave her in her present foster home or to return her to petitioners. Petitioners thereafter commenced this proceeding pursuant to CPLR article 78 challenging the decision of OCFS (see Social Services Law § 22 [9] [b]; see generally People ex rel. Ninesling v Nassau County Dept. of Social Servs., 46 NY2d 382, 386 [1978], rearg denied 46 NY2d 836 [1978]). Supreme Court granted the petition, concluding that OCFS abused its discretion in remitting the matter to DSS and should have, among other things, immediately returned the child to petitioners and thus directing DSS to do so. DSS appealed and, while the appeal was pending, this Court issued an order staying the child’s return to petitioners, staying proceedings in Family Court concerning the adoption of the child by the foster parent of the child’s siblings, and affording petitioners periods of visitation with the child.
 

 Contrary to the contention of DSS, the court properly refused to transfer the proceeding to this Court pursuant to CPLR 7804 (g) inasmuch as the petition does not raise a substantial evidence issue (see Matter of Dubb Enters. v New York State Liq. Auth., 187 AD2d 831, 832 [1992]; see also Matter of Guesno v Village of E. Rochester, 118 AD3d 1460, 1460 [2014]). Petitioners herein are challenging the decision of OCFS after the fair hearing, to the extent that OCFS failed to return the child to petitioners, rather than the underlying removal itself.
 

 Further, we agree with the court that, in its decision after the fair hearing, OCFS should have immediately ordered the return of the child to petitioners. Although a court does not conduct a de novo review of the best interests of the child in the context of a CPLR article 78 proceeding challenging an agency’s determination to remove a foster child from a foster home, the best interests of the child are nevertheless of great importance during the review process (see Matter of John B. v Niagara County Dept. of Social Servs., 289 AD2d 1090, 1091-1092 [2001]; see also Matter of O’Rourke v Kirby, 54 NY2d 8, 13 [1981]). If an agency does not act consistently with the best interests of the child, its “actions must be deemed arbitrary and capricious, or not based on substantial evidence” (John B., 289 AD2d at 1092 [internal quotation marks omitted]; see O’Rourke, 54 NY2d at 15 n 2). Here, petitioners offered uncontroverted expert testimony at the fair hearing that the child’s removal from petitioners’ home and the disruption of the primary bond that the child had developed with petitioner Rachel Schneiter was contrary to the child’s best interests and represented a “trauma” that will have a “significant impact on all areas of her development.” Moreover, the record of the fair hearing establishes that DSS, prior to removing the child, did not evaluate or even consider the child’s emotional relationship with her siblings or her attachment to petitioners, both of which are enumerated in 18 NYCRR 431.10 (b) as “[fjactors to be considered in making a determination of whether siblings or half-siblings should be placed together.” Based upon the foregoing, we conclude that the court properly determined that the decision of OCFS to not return the child to petitioners’ home immediately was in error.
 

 This case, however, presents unique difficulties because well over a year has elapsed since the child’s removal from petitioners’ home and the subsequent fair hearing. We acknowledge that petitioners’ expert testified at the hearing that the damage caused to the child could be mitigated or reversed if she were “swiftly” or “urgently” returned to petitioners’ care, but the child has been living in the foster home with her siblings since June 1, 2016. It would be conjecture for us to conclude now that disrupting the child’s life again and returning her to petitioners’ home would be more consistent with her best interests than having her remain in her present foster home. Despite our conclusion that the court adjudicated this matter appropriately, the relief sought by petitioners, i.e., the immediate return of the child, is inappropriate at this juncture. In the exercise of our discretion, we therefore modify the judgment accordingly, and we remit the matter to OCFS to conduct a hearing forthwith to determine the best interests of the child and to fashion an appropriate remedy consistent with the evidence presented at the hearing (see Matter of Peters v McCaffrey, 173 AD2d 934, 936 [1991]; Goldstein v Lavine, 100 Misc 2d 126, 135 [1979]; see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 548-550 [1976]). Should petitioners be aggrieved by OCFS’s subsequent decision, they may seek review through another CPLR article 78 proceeding. While the matter is pending, the adoption proceedings currently pending in Family Court concerning the child’s adoption by the foster parent of the child’s siblings shall remain stayed, and petitioners shall continue to be afforded visitation with the child as ordered by this Court in an order entered on April 4, 2017 and modified on April 7, 2017.
 

 In reaching our decision, we stress that it is apparent from the record that petitioners and the foster parent of the child’s siblings both offer supportive and loving homes. The delay in affording the child the stability she deserves has been needlessly created solely by her erroneous removal from petitioners’ home by DSS and the subsequent failure of OCFS to order the child’s immediate return following the fair hearing.
 

 Present— Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.